# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ROBERT ALLEN DANENBERG, | ) |
| Petitioner, | ) |
| v. | ) CV418-280 |
| EDWARD PHILBIN, *Warden*, | ) |
| Respondent. | ) |

# ORDER

Robert Allen Danenberg's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging various defects in his state criminal case (*see* doc. 1), was denied at preliminary review because he had not exhausted his state remedies. Doc. 4 (report and recommendation), *adopted* doc. 6, *judgment entered* doc. 8; *see generally* Rule 4 of the Rules Governing Section 2254 Cases; *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b)(1)(A) (habeas petitioners must "exhaust[ ] the remedies available in the courts of the State" before seeking federal relief).

Danenberg now moves to stay this case pending hiring of counsel to help him exhaust his state remedies, and has attached purported copies of various post-judgment motions filed in the state superior court. Doc. 7. But the case is closed, and judgment entered. Docs. 6 & 8. Danenberg's

motion to stay this case until he's exhausted his state remedies is moot, and must be **DENIED**.[1]

**SO ORDERED,** this  29th  day of January, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Moreover, as set forth in the Court's report and recommendation, a stay is not appropriate at this juncture because petitioner may yet gain the remedy he seeks from the state court of appeals (*see* doc. 1 at 4 citing Georgia Supreme Court Case No. S17H0710), and he has not shown any "good cause" for his "failure to exhaust his claims first in the state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).