# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

ROBERT ALLEN DANENBERG,

    Petitioner,

v.

EDWARD PHILBIN,

    Respondent.

CIVIL ACTION NO.: 4:18-cv-280

## O R D E R

Presently before the Court are *pro se* Petitioner Robert Danenberg's Motions to Vacate Judgment, (docs. 10, 14), and Motion for Reconsideration, (doc. 15). In his Motions, Danenberg requests that the Court alter or vacate its earlier judgment dismissing his 28 U.S.C. § 2254 petition. (See id.). For the reasons set forth below, the Court **DENIES** Petitioner's Motions.

## DISCUSSION

On November 29, 2018, Petitioner Danenberg filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) The Magistrate Judge recommended that Danenberg's petition be dismissed because he failed to exhaust his state remedies, a precondition of federal habeas relief. (Doc. 4.) On January 15, 2019, the Court issued an Order adopting the Report and Recommendation of the Magistrate Judge over Danenberg's objection. (Doc. 6.) Before the entry of final judgment, however, Danenberg moved to stay his petition until he hired local counsel to assist in his state court proceedings. (Doc. 7.) The Court entered judgment and ordered the case closed on January 24, 2019.[1] (Doc. 8.) The Court denied Danenberg's Motion to Stay on January

---

[1] Although the Court's Order and Judgment were silent on the nature of the dismissal, the Report and Recommendation made clear that it was without prejudice. (See Doc. 4, p. 3).

30, 2019. (Doc. 9.) Danenberg then filed the at-issue motions: a Motion to Vacate Judgment and brief in support thereof, (doc. 10; doc. 12), a second Motion to Vacate Judgment, (doc. 14), and a Motion for Reconsideration, (doc. 15). The Motions are handwritten and difficult to decipher; however, from what the Court can gather, Danenberg requests that the Court reopen his case to reconsider his Motion to Stay. (See Doc. 12-1, p. 5; doc 15-1, pp. 2–3.)

Because they were filed post-judgment, Danenberg's motions fall within the purview of either Federal Rule of Civil Procedure 59(e) or 60(b). Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 n.5 (11th Cir. 1993). Under Rule 59(e), "the only grounds for granting a [plaintiff's] motion are newly-discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1344 (11th Cir. 2010). Rule 60(b), on the other hand, enumerates a limited set of circumstances in which a party may seek relief from a final judgment, order, or proceeding—none of which apply here.[2] The rule also contains a "catchall" provision which authorizes relief based on "any other reason that justifies [it]." Fed. R. Civ. P. 60(b)(6). However, relief under Rule 60(b)(6) is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances," and a party seeking relief must show that, absent such relief, extreme and unexpected hardship will result. Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (citation omitted).

While Danenberg has not indicated which rule or rules he believes support his motions, the distinction is immaterial in this case. Danenberg has not shown—and does not argue—that new evidence, manifest error, or exceptional circumstances entitle him to relief, and he does not claim

---

[2] The specific circumstances listed in Rule 60(b) are: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; [and] (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(1)–(5).

2

he will suffer "extreme hardship" should his requests be denied. See, e.g., Griffin, 722 F.2d at 680. To the contrary, the Court dismissed his petition without prejudice and Danenberg remains free to file a new habeas petition in federal court when he has exhausted the available state remedies. (Doc. 4; doc. 6.) Danenberg may be unhappy with the Court's decisions to dismiss his petition and deny his Motion to Stay, but mere discontent is not a reason to disturb the Court's judgment.

In light of the foregoing, Danenberg has failed to demonstrate that any grounds for reconsideration exist and the Court discerns no reason to reopen this case. Accordingly, the Court **DENIES** Danenberg's Motions to Vacate, (doc. 10; doc. 14), and **DENIES** his Motion for Reconsideration, (doc. 15). The Court's January 15, 2019 Order remains the Order of the Court, and this case remains **CLOSED.**

**SO ORDERED**, this 24th day of May, 2019.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA